UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLEN S.,<br><br>         Plaintiff,<br><br>v.<br><br>MARTIN O'MALLEY, Acting Commissioner of Social Security,[1]<br><br>         Defendant. | Case No.: 22-cv-1622-DEB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>**[DKT. NOS. 13, 15]** |

## I. INTRODUCTION

Plaintiff Ellen S. seeks judicial review of the Commissioner of Social Security's denial of her application for disability benefits. Dkt. No. 1.[2] The parties filed cross-motions for Summary Judgment. Dkt. Nos. 13, 15. Plaintiff did not file a reply.

For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 13), **DENIES** Defendant's Cross-Motion for Summary

---

[1] Martin O'Malley is substituted for Kilolo Kijakazi pursuant to Fed. R. Civ. P. 25(d).

[2] In the interest of privacy, this Order uses only the first name and the initial of the last name of the non-governmental party in this case. CivLR 7.1(e)(6)(b).

Judgment (Dkt. No. 15), and **REMANDS** this action for further proceedings consistent with this opinion.

## II.  PROCEDURAL BACKGROUND

Plaintiff applied for disability insurance benefits alleging disability beginning January 1, 2015. AR 11.[3] The Social Security Administration denied Plaintiff's application initially and on reconsideration. *Id.* Plaintiff requested and received an Administrative Law Judge ("ALJ") hearing, after which the ALJ issued a written decision finding Plaintiff not disabled. AR 11–20. The Appeals Council denied Plaintiff's request for review (AR 1–7), and this case followed (Dkt. No. 1).

## III.  SUMMARY OF THE ALJ'S DECISION

The ALJ's decision followed the five-step sequential evaluation process. 20 C.F.R. § 404.1520.

At step one, the ALJ found Plaintiff had "not engage[d] in substantial gainful activity during the period from her amended alleged onset date of January 1, 2015 through her date last insured of December 31, 2017." AR 14.

At step two, the ALJ found Plaintiff had the following severe impairments: cervical spinal stenosis, complex regional pain syndrome/reflex sympathetic dystrophy syndrome of the lower limb, degenerative joint disease of the left knee status post-partial medial meniscectomy, and lumbar spinal stenosis and spondylosis without myelopathy or radiculopathy. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 14–16.

---

[3] "AR" refers to the Administrative Record lodged on December 23, 2022. Dkt. No. 9. The Court's citations to the AR use the page references on the original document rather than the page numbers designated by the Court's case management/electronic case filing system ("CM/ECF"). For all other documents, the Court's citations are to the page numbers affixed by CM/ECF.

Before proceeding to step four, the ALJ found Plaintiff had the residual functional capacity ("RFC") to perform light work with the following limitations:

> [Plaintiff] can stand/walk a total of 4 hours in an 8-hour day. [She] cannot climb ropes, scaffolds, or ladders, can occasionally stoop and bend, and can never crawl. [She] cannot work at unprotected heights or work on dangerous machinery.

AR 16.

At step four, the ALJ found Plaintiff could not perform her past relevant work as a medical assistant. AR 18.

At step five, the ALJ found Plaintiff could perform jobs that exist in significant numbers in the national economy. AR 19. The ALJ, therefore, concluded Plaintiff was not under a disability at any time from January 1, 2015, through December 31, 2017. AR 20.

## IV. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214–15 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). It is "more than a mere scintilla, but less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The Court may not impose its own reasoning to affirm the ALJ's decision. *Garrison*, 759 F.3d at 1010. The Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). "[I]f evidence exists to support more than one rational interpretation, [the Court] must defer to the [ALJ's] decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Furthermore, the Court will not reverse for harmless error. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) ("ALJ errors in social security cases are

harmless if they are 'inconsequential to the ultimate nondisability determination' . . . .") (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006)).

## V. DISCUSSION

Plaintiff argues the ALJ erred in formulating her RFC and discounting her subjective symptom testimony. Dkt. No. 13 at 5–18. The Court agrees the ALJ erred in formulating the RFC and, therefore, does not reach Plaintiff's subjective symptom testimony argument.

### A. The ALJ's Formulation of the RFC

The RFC is "the most [the plaintiff] can still do despite [her] limitations and is based on all relevant evidence in the record rather than a single medical opinion or piece of evidence." 20 C.F.R. § 404.1545(a)(1). In formulating an RFC, the ALJ must weigh medical records, medical and other source opinions, and the claimant's symptom testimony. *See id.* § 1545(a)(3). But the ALJ "'may not rely on his own unsupported interpretation of the medical evidence.'" *Peter B. v. Comm'r, Soc. Sec. Admin.*, No. 21-cv-0437-YY, 2022 WL 3010162, at *3 (D. Or. July 28, 2022) (quoting *Davis v. Colvin*, No. 3:15-cv-00843-SI, 2016 WL 8674265, at *8 (D. Or. Aug. 12, 2016)); *see also Tackett v. Apfel*, 180 F.3d 1094, 1103 (9th Cir. 1999) (finding error where "[t]here is no medical evidence to support the ALJ's finding that [the claimant] could work through an eight hour workday with breaks every two hours").

Here, "[a]fter reviewing the relevant evidence of record," including "limited" medical records and Plaintiff's symptom testimony, the ALJ's RFC stated Plaintiff had the following limitations:

> [Plaintiff] can stand/walk a total of 4 hours in an 8-hour day. [She] cannot climb ropes, scaffolds, or ladders, can occasionally stoop and bend, and can never crawl. [She] cannot work at unprotected heights or work on dangerous machinery.

AR 16–18.

The RFC is not supported by a medical opinion, which two state agency medical consultants recognized. AR 103, 112 ("There is no indication that there is a medical opinion from any medical source."); *see also* AR 112 ("No RFC/MRFC assessments are

associated with this claim.").[4] Without a medical opinion or other evidence supporting Plaintiff's RFC, it is unclear how the ALJ concluded Plaintiff could, in particular, "stand/walk for 4 hours in an 8-hour day." AR 16. The Court, therefore, cannot find the RFC is supported by substantial evidence. *See Bayliss*, 427 F.3d at 1217 ("[The Court] will affirm the ALJ's determination of [the claimant's] RFC if the ALJ applied the proper legal standard and his decision is supported by substantial evidence.") (citation omitted); *Walker v. Comm'r of Soc. Sec.*, No. 2:22-cv-1871-EJY, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, No. 2:22-cv-01222-VCF, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)).

Relatedly, although the ALJ's decision summarizes the medical record and states the RFC is based on "the limited objective evidence," it does not discuss what (if any) evidence supports the functional limitations. AR 17. This "fail[ure] to 'build an accurate and logical bridge' from the evidence to [the ALJ's] conclusions" is, "in itself, [a] reason to remand for a new decision." *Walker*, 2024 WL 64784, at *4 (citation omitted).

Having found error, the Court next considers whether it is harmless. "[The Court] may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination" and if the Court "can confidently conclude that no reasonable ALJ, when [not making the same error], could have reached a different disability determination." *Stout*, 454 F.3d at 1055–56.

The ALJ's error in formulating Plaintiff's RFC is not harmless. The record contains evidence that calls into question whether Plaintiff could "stand/walk for 4 hours in an 8-hour day." *See, e.g.*, AR 87–88 (Plaintiff testified at the ALJ hearing she could walk 15 to

---

[4] The ALJ found the opinions of both state agency medical consultants "somewhat persuasive." AR 17–18. Notably, the state agency consultants found "insufficient evidence to evaluate the claim[.]" AR 103–04, 111.

20 minutes before needing to stop and could stand 20 minutes before needing to sit); 454 (Plaintiff "has had 3 arthroscopic surgeries and several steroid injections" for left knee pain); 463 (Plaintiff has "complex regional pain syndrome in the left lower extremity").

The RFC, in turn, affected the step-five analysis, where "the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." *Hill*, 698 F.3d at 1161 (citations omitted). "The ALJ may meet his burden at step five by asking a vocational expert a hypothetical question based on medical assumptions supported by substantial evidence in the record and reflecting all the claimant's limitations, both physical and mental, supported by the record." *Id.*

Here, the ALJ posed hypothetical questions to the vocational expert ("VE") based on an RFC that lacks substantial evidence. AR 92–93. The VE, in turn, relied on this same RFC to opine Plaintiff can work as a marker, office helper, and parking cashier. AR 93. The ALJ adopted the VE's opinion and concluded Plaintiff is not disabled. AR 19–20. The ALJ's error in formulating the RFC, therefore, is not "inconsequential to the ultimate nondisability determination." *Stout*, 454 F.3d at 1056; *see also Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988) ("If the assumptions in the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value.") (quoting *Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984)).

### B. Plaintiff's Subjective Symptom Testimony

Plaintiff also argues the ALJ erred by failing to articulate specific, clear, and convincing reasons for discounting her subjective symptom testimony. Dkt. No. 13 at 8–18. Because the Court is remanding for the ALJ to reassess Plaintiff's RFC and, in turn, the step-four and step-five determinations, the Court does not reach this issue. *See, e.g.*, *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative ground for remand."). On remand, the ALJ must consider Plaintiff's subjective symptom testimony

when reformulating the RFC and, if Plaintiff's testimony is discounted, provide specific, clear, and convincing reasons for doing so. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)) (the ALJ can reject the claimant's testimony about the severity of their symptoms only by offering "'specific, clear and convincing reasons'" for doing so); *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)) ("General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.").

### C. Remanding for Further Proceedings

Plaintiff argues for an immediate award of benefits under the credit-as-true rule. Dkt. No. 13 at 18–19. "The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th Cir. 2017) (alteration in original) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). Because a properly formulated RFC might support a conclusion that Plaintiff was not disabled, a remand for further proceedings is appropriate here. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115–16 (9th Cir. 2003) (remanding for further administrative proceedings where several "outstanding issues" remained to be resolved, so it was "not clear from the record that an [ALJ] would be required to find the claimant disabled and award disability benefits").

//
//
//
//
//
//
//
//
//

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Summary Judgment (Dkt. No. 13) and **DENIES** Defendant's Cross-Motion for Summary Judgment (Dkt. No. 15). The Clerk of Court shall enter judgment accordingly.

The Court **REMANDS** to the Commissioner for further consideration and development of the record in accordance with this opinion.

**IT IS SO ORDERED.**

Dated: February 12, 2024

_____
Honorable Daniel E. Butcher
United States Magistrate Judge